IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

---

CARLOS RUBIO; MARTA RUBIO,         )
                                    )
            Plaintiffs,             )   2:09-cv-01743-GEB-EFB
                                    )
      v.                            )   ORDER[*]
                                    )
AURORA LOAN SERVICES, LLC;          )
BROOKSAMERICA MORTGAGE CORPORATION; )
ONE WEST BANK GROUP, LLC;           )
MORTGAGEIT, INC.; WAUSAU MORTGAGE   )
CORPORATION; JP MORGAN CHASE BANK;  )
WELLS FARGO BANK, NA,               )
                                    )
            Defendants.             )
_____)

On June 26, 2009, Defendant MortgageIt, Inc. filed a motion to dismiss each claim in Plaintiffs' Complaint.  The motion is granted for the following reasons.

Plaintiffs' fraud claim is dismissed because it was pled generally against all Defendants, rather than with the specificity required by Federal Rule of Civil Procedure 9(b).  "Rule 9(b) does not allow a Complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing

---

[*] This matter was determined to be suitable for decision without oral argument.  E.D. Cal. R. 78-230(h).

1

more than one defendant . . . and [to] inform each defendant separately of the allegations surrounding his alleged participation in the fraud." Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007) (internal citation and quotations omitted).

Plaintiffs' claims for breach of duty of good faith and fair dealing, are dismissed since this implied duty "does not impose any affirmative duty of moderation in the enforcement of legal rights" as Plaintiffs allege. Price v. Wells Fargo Bank, 213 Cal.App.3d 465, 479 (1989) (internal citation omitted).

Plaintiffs' breach of fiduciary duty claims are also dismissed because there is no fiduciary relation between a debtor and a creditor. Kim v. Sumiotmo Bank, 17 Cal.App.4th 974 (Cal. Ct. App. 1993) ("A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such.") (internal citation and quotations omitted); Price, 213 Cal.App.3d at 476 (applying the same principle "to the relationship between a bank and its loan customers.").

Plaintiffs' unconscionability claim is dismissed because "unconscionability is not a cognizable legal remedy to be used offensively." Munoz v. Int'l Home Capital Corp., No. C 03-0199 RS, 2004 WL 3086907, at *11 (N.D. Cal. May 4, 2004); California Grocers Assn. v. Bank of Am., 22 Cal.App.4th 205, 217 (1994)(holding that the doctrine of unconscionability "does not in itself create an affirmative cause of action[,] but merely codifies the defense of unconscionability").

Plaintiffs' claim that "Defendants never provided Plaintiffs with a Spanish translation of the contract terms," premised on California Civil Code § 1632, is dismissed because this Section 1632

is generally not applicable to loans "secured by real property." CAL. CIV. CODE § 1632(b)(2); <u>Tina v. Countrywide Home Loans, Inc. et al.</u>, No. 08-cv-1233 JM (NLS), 2008 WL 4790906, at *7 (S.D. Cal. Oct. 30, 2008) (finding that a loan obtained from a defendant mortgage lender to refinance plaintiffs' property fell outside the scope of Section 1632). Further, Section 1632 does have exceptions concerning a "loan or extension of credit for use primarily for personal, family or household purposes where the loan or extension of credit is subject to the provisions of Article 7 (commencing with Section 10240) of Chapter 3 of Part 1 of Division 4 of the Business and Professions Code, or Division 7 (commencing with Section 18000), or Division 9 (commencing with Section 22000) of the Financial Code." CAL. CIV. CODE § 1632(b)(4). These exceptions, however, apply to real estate brokers, personal property brokers, consumer finance lenders, or microenterprises, which are not entities involved in Plaintiffs' allegations.

Alternatively, Plaintiffs argue that Defendant can be found liable for their Section 1632 claim under the doctrine of secondary liability. (Pls.' Opp'n 7:11-16.) However, each case on which Plaintiffs rely as support for this argument concerns a situation where the plaintiff-borrowers sufficiently alleged an agency relationship between the mortgage company and the defendant mortgage broker. <u>Ruiz v. Decision One Mortgage Company, LLC</u>, No. C06-02530 HRL, 2006 WL 2067072, at *5 (N.D. Cal. July 25, 2006); <u>Plata v. Long Beach Mortgage Company, et al.</u>, No. C 05-02746, 2005 WL 3417375 at *26 (N.D. Cal. Dec. 13, 2005). Plaintiffs' only allegation that Defendant has privity with the broker involved with the loan between Defendant

1  and Plaintiffs is Plaintiffs' cursory reference to all Defendants as
2  "lender-brokers." (Compl. ¶ 69.)
3        Plaintiffs' California Fair Employment and Housing Act
4  ("CFEHA") claim is dismissed since Plaintiffs fail to allege any facts
5  indicating Defendant violated the CFEHA, and as Defendant argues, the
6  face of the claim reveals it is barred by a two year statute of
7  limitations.  This limitation period begins to run "after the
8  occurrence or the termination of an alleged discriminatory housing
9  practice, or the breach of a conciliation agreement entered into,
10 whichever occurs last . . . ." CAL. GOV'T CODE § 12989.1.  The loan at
11 issue between Plaintiffs and Defendant was entered into on July 17,
12 2006, and the Complaint shows this claim was filed May 13, 2009.
13 (Compl. ¶¶ 1, 14; Compl., Ex. A.)  Plaintiffs argue the statute of
14 limitations period should be equitably tolled "because the other
15 fraudulent acts involving these loan transactions prevented Plaintiffs
16 from discovering the unfair and deceptive acts until after the statute
17 had passed." (Pls' Opp'n 8:15-20.)  However, Plaintiffs allege no
18 facts in their complaint supporting this argument. <u>Wasco Products,</u>
19 <u>Inc. v. Southwall Technologies, Inc.</u>, 435 F.3d 989, 991 (9th Cir.
20 2006) ("[F]ederal courts have repeatedly held that plaintiffs seeking
21 to toll the statute of limitations on various grounds must have
22 included the allegation in their pleadings; this rule applies even
23 where the tolling argument is raised in opposition . . . .").
24 Therefore, this request is denied and this claim is dismissed.
25       Plaintiffs' Unruh Civil Rights Act ("UCRA") § 51 claim is
26 dismissed since Plaintiffs fail to allege facts indicating Defendant
27 violated the UCRA, and as Defendant argues, the face of the claim
28 reveals this claim is barred by the applicable two years statute of

4

1 limitations.  The UCRA has the same statute of limitations as personal
2 injury claims, which is two years from violation of the UCRA.
3 Mitchell v. Sung, 816 F.Supp. 597, 602 (N.D. Cal. 1993) (stating the
4 statute of limitations for a UCRA claim is same as the personal injury
5 limitation period); Cal. Civ. Pro. § 335.1 (stating an action for a
6 personal injury claim must be brought "within two years").  The acts
7 Plaintiffs alleged against Defendant under this claim occurred on or
8 before the signing of the loan, which was on July 17, 2006;
9 Plaintiffs' UCRA claim was filed May 13, 2009.  (Compl. ¶¶ 1, 14;
10 Compl., Ex. A.)  Plaintiffs also seek equitable tolling of this
11 limitation period, but do not allege facts in their complaint
12 supporting their request for equitable tolling.  Therefore, this
13 request is denied and this claim is dismissed. (Pls' Opp'n 9:3-5.)
14         Plaintiffs' Equal Credit Opportunity Act claim is dismissed
15 since, as Defendant argues, the face of the claim reveals the two year
16 statute of limitations period, which is triggered "from the date of
17 the occurrence of the violation," bars this claim.  15 U.S.C. §
18 1691e(f).  The violation Plaintiffs allege under this Act occurred on
19 or before the signing of the loan, which took place on July 17, 2006,
20 and this claim was filed on May 13, 2009.  (Compl. ¶¶ 1, 14; Compl.,
21 Ex. A.)  Plaintiffs argue the limitations period for this claim is
22 equitably tolled; however, they state no facts in their complaint
23 supporting this argument.  (Pls' Opp'n 9:18-20.) Therefore, this
24 request is denied and this claim is dismissed.
25         Further, Plaintiffs' request for declaratory relief is
26 dismissed since the claim on which this request is premised has been
27 dismissed.  Moreover, in light of the rulings above, Defendant's
28

motion filed June 26, 2009, in which it seeks to strike Plaintiffs' punitive damages allegation, is denied as moot.

     Lastly, Plaintiffs are granted leave to amend their complaint, provided that they file an amended complaint within ten days from the date on which this order is filed.

     IT IS SO ORDERED.

Dated:  September 1, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge